Filed 10/13/23  P. v. Cruz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARIO CRUZ, JR.,<br><br>        Defendant and Appellant. | D081966<br><br><br>(Super. Ct. No. INF2000322) |

APPEAL from a judgment of the Superior Court of Riverside County, Otis Sterling III, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Mario Cruz, Jr. of stalking with a prior conviction for the same offense (Pen. Code,[1] § 646.9, subd. (c)(2)); one count of inflicting corporal injury on a person in a dating relationship (§ 273.5); and false

_____

[1]    All further statutory references are to the Penal Code.

imprisonment (§ 236). The court found Cruz had suffered a prior strike conviction (§ 667, subds (b)-(i)).

Cruz was sentenced to a determinate term of 12 years consisting of the upper term of five years for stalking, doubled to 10 years for the strike prior; one year for the infliction of corporal injury, which was one-third the middle term, doubled for the strike prior. The sentence for false imprisonment was stayed under section 654.

Cruz appealed and this court affirmed the convictions but remanded the case to the trial court for a new sentencing hearing because of the enactment of Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) and Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1), which were enacted after the original sentencing in this case. (*People v. Cruz* (Sept. 8, 2022, D079151) [nonpub. opn.].)[2]

On remand, the trial court conducted a new sentencing hearing. The court recognized its use of aggravating factors to support an upper term sentence were limited by Senate Bill No. 567. The court again imposed an upper term sentence for stalking based on Cruz's certified prior convictions. The court again imposed a term of 12 years.

Cruz filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Cruz the opportunity to file his own brief on appeal, but he has not responded.

---

[2] We grant appellant's request to take judicial notice of our opinion in case No. D079151.

We fully addressed the facts of the offenses in our prior opinion, we will not repeat that discussion here.

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified three possible issues that were considered in evaluating the potential merits of this appeal.

1.     Whether the court violated Senate Bill No. 567 when the court imposed the same upper term sentence based on a single aggravating factor from appellant's prior conviction.

2.     Whether the court abused its discretion under section 654 by not staying the greater sentence.

3.     Did the court err by failing to find the convictions for stalking and false imprisonment arose from the same course of conduct.

We have reviewed the record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Cruz on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

3